# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KEEL, | CASE NO. 1:09-cv-00242-OWW-YNP PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY DEFENDANTS BURROWS AND WASH SHOULD NOT BE DISMISSED FROM ACTION |
| v. | |
| A. HEDGPETH, et al., | (Doc. 44) |
| Defendants. | |

Plaintiff Anthony Keel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2009, Plaintiff filed a motion "to inquire to this court whats[sic] with the denial to served[sic] these defendants." (Doc. #44.)

On April 15, 2009, the Court ordered the U.S. Marshal to serve Plaintiff's First Amended Complaint on Defendants Wash, Burrows, and Chromes. (Doc. #31.) On July 27, 2009, the summonses directed to Defendants Burrows and Wash were returned to the Court unexecuted. (Docs. #42, 43.) The unexecuted summonses indicated that the U.S. Marshal was unable to locate Burrows and Wash using the information provided by Plaintiff. A waiver of service was returned executed from Defendant Chromes on August 19, 2009. (Doc. #45.)

Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the plaintiff--
> must dismiss the action without prejudice against that defendant or

> order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court has ordered service to be made by a U.S. Marshall pursuant to Federal Rule of Civil Procedure 4(c)(3) because Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915.

As noted above, the U.S. Marshal returned the summonses to be served on Defendants Burrows and Wash to the Court unexecuted indicating that they could not be located at the prison facility using the information provided by Plaintiff. The responsibility to provide accurate information belongs to Plaintiff. The U.S. Marshal is required to serve on Plaintiff's behalf using only the information provided by Plaintiff. The U.S. Marshal is not required to do an independent investigation to find more current or accurate information than that provided by Plaintiff.

"'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

As noted above, the information provided by Plaintiff was insufficient to allow the U.S. Marshal to serve Defendants Burrows and Wash. It appears that the U.S. Marshal was unable to effect service because he was not provided with updated information necessary identify and locate Burrows and Wash, and the failure to effect service was not due to the U.S. Marshal's failure to perform his duties. Accordingly, the Court will provided Plaintiff the opportunity to Show Cause why Defendants Burrows and Wash should not be dismissed from the action.

The Court HEREBY ORDERS:

1. Plaintiff is ORDERED TO SHOW CAUSE **within TWENTY (20) days of the date of service of this Order,** why Defendants Burrows and Wash should not be dismissed from the action for lack of service.[1]

Plaintiff is forewarned that his failure to show cause may result in a recommendation that Defendants Burrows and Wash be dismissed from the action.

IT IS SO ORDERED.

**Dated:   October 5, 2009**            /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff have more current information on the whereabouts of the unserved Defendant, he should provide it to the Court at this time.