# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KEEL,<br><br>        Plaintiff,<br><br>    v.<br><br>A. HEDGPETH, et al.,<br><br>        Defendants. | CASE NO. 1:08-cv-00242-OWW-YNP PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF MOTIONS<br><br>(Doc. 36, 37)<br><br>RESPONSE DUE WITHIN 30 DAYS |

    Plaintiff Anthony Keel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's May 27, 2009 motion for injunctive relief. (Doc. #36.) Plaintiff requests an injunction to prevent prison officials from violating his constitutional rights and intimidating Plaintiff as well as an order from the Court facilitating Plaintiff's release from the secured housing unit ("SHU") to the general population.

    Also before the Court is Plaintiff's June 3, 2009 motion for summary judgment. (Doc. #37.) Plaintiff styles his motion as one for injunctive relief and for summary judgment under Federal Rule of Civil Procedure 56. However, Plaintiff's one page motion only requests an injunction to end the retaliation against him and a status report on the U.S. Marshall's attempts to effect service upon defendants. Plaintiff is apparently confused about what the "summary" in "summary judgment" means. A motion for summary judgment under Rule 56 is not a "summary" of Plaintiff's docket, or a "summary" of the current status of Plaintiff's case. "Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's note. The Court will construe Plaintiff's June 3, 2009 motion

as one requesting a report on the current status of service as well as a motion for preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. Where a party is seeking "mandatory preliminary relief" – an injunction requiring affirmative conduct by another party – the injunction should not be issued unless the facts and law clearly favor the moving party. Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (citing Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980)).

Plaintiff through his two motions is seeking a mandatory injunction requiring prison officials to release him from confinement in the SHU. Plaintiff also vaguely requests the Court to prevent future violations of his constitutional rights and use of intimidation by prison officials. Plaintiff also complains that psychiatrists are making unsolicited visits to Plaintiff's cell and asking how he is doing. Plaintiff fails to offer any evidence regarding the likelihood of success in this case. Plaintiff does not demonstrate a significant threat of irreparable injury. It is unclear what threat of serious injury, if any, Plaintiff faces from his retention in the SHU or from psychiatrists inquiring about his

well-being. Further, Plaintiff's vague allegations of intimidation are not sufficient to justify injunctive relief. Plaintiff has not identified who is intimidating him, how they are intimidating him, or whether Plaintiff faces imminent intimidation in the future.

With respect to Plaintiff's motion for a status report on the U.S. Marshall's attempts to effect service upon Defendants, a waiver of service was returned executed as to Defendant Chris Chromes. The Court also notes that the two summonses issued for Defendants Burrows and Wash were returned unexecuted, with the indication that the U.S. Marshal was unable to locate Burrows and Wash using the information provided by Plaintiff.[1]

The Court finds that Plaintiff has failed to demonstrate probable success, the possibility of irreparable harm, or serious questions that tip the balance of hardships in his favor. Plaintiff has been apprised of the current status of the U.S. Marshal's attempts to serve Defendants. Based on the foregoing, the Court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed May 27, 2009 and June 3, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 5, 2009**                        /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has also filed a motion inquiring as to why Defendants Burrows and Wash have not been served. Those issues will be addressed in a separate order.