# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KEEL, | CASE NO. 1:08-cv-00242-OWW-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 49) |
| A. HEDGPETH, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Anthony Keel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2009, Plaintiff filed a motion entitled "Plaintiff Motion for Injunction to Appeal based on 11 Months Lockdown in (illegible) That's Cruel and Unusual Punishment." (Doc. #49.) The nature of Plaintiff's motion is unclear. Plaintiff appears to be seeking intervention by the Court due to retaliation from filing lawsuits against prison officials.

It is unclear what sort of injunctive relief Plaintiff is seeking through his motion. Plaintiff does not identify a specific risk of future harm and does not identify specifically what he is asking the Court to do. Plaintiff is advised that the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). In filing a motion for a preliminary injunction, Plaintiff must specifically identify what risk of irreparable harm he faces and what he wants the Court to do. Plaintiff must also demonstrate how the Court's intervention will prevent

1 Plaintiff from suffering irreparable harm. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129
2 S. Ct. 365, 374 (2008). It is unclear from Plaintiff's motion what risk of irreparable harm he is
3 facing. Plaintiff describes retaliatory actions by prison officials and the deprivation of privileges due
4 to being placed on lockdown. Plaintiff is advised that the appropriate course of action for remedying
5 past injuries is a separate lawsuit. Plaintiff is not entitled to a preliminary injunction based on a
6 hypothetical future injury. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102 (1983) (plaintiff
7 must show that threat of injury is both real and immediate, not conjectural or hypothetical). Plaintiff
8 must demonstrate more than the bare conclusion that prison officials have retaliated against him in
9 the past and are therefore likely to retaliate against him again in the future.

10 In addition to identifying a risk of future irreparable harm, Plaintiff must also demonstrate
11 that he is likely to succeed on the merits, that the balance of equities tips in his favor, and that an
12 injunction is in the public interest. <u>Id.</u> Plaintiff's motion fails to present evidence or allegations that
13 demonstrate any of these factors. "[A] preliminary injunction is an extraordinary and drastic remedy,
14 one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of
15 persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted)
16 (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that
17 motion is unsupported by evidence.

18 Finally, with respect to motions for preliminary injunctive relief or a temporary restraining
19 order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

24 18 U.S.C. § 3626(a)(2). Thus, to qualify for preliminary injunctive relief, Plaintiff must demonstrate
25 that his requested relief is narrowly drawn, extends no further than necessary to correct the harm
26 identified, and is the least intrusive means necessary to correct the harm. Plaintiff's motion fails to
27 establish any of these prerequisites.
28 ///

The Court finds that Plaintiff is not entitled to preliminary injunctive relief. The Court is unable to determine what relief Plaintiff is seeking in his motion. The Court also finds that Plaintiff has failed to identify any specific, future risk of irreparable harm. Nor has Plaintiff presented any evidence that he is likely to succeed on the merits of this lawsuit, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 19, 2009**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE