IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY KEEL,

      Plaintiff,                       1: 08 CV 00242 OWW YNP SMS (PC)

   vs.                                FINDINGS AND RECOMMENDATION

A. HEDGPETH, et al.,

      Defendants.

     On October 6, 2009, an order to show cause was entered, directing Plaintiff to show cause why Defendants Burrows and Wash should not be dismissed for this action for lack of service.

     Plaintiff was specifically advised that Pursuant to Federal Rule of Civil Procedure 4(m), the court may, on its own motion after notice to Plaintiff, dismiss a defendant who has not been served within 120 days after the complaint has been filed.   Plaintiff was also advised that, so long as he provides the U.S. Marshal with the information necessary to identify the defendant, good cause exists to extend the time for service set out in Rule 4(m).  <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994)(quoting <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990)), <u>abrogated on other grounds by Sandin v. Conner</u>, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . '" <u>Walker</u>, 14 F.3d at 1422 (quoting <u>Sellers v. United</u>

States, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

On April 15, 2009, the court ordered the U.S. Marshal to serve the first amended complaint on Defendants Wash, Burrows and Chromes.  On July 27, 2009, the summonses for Burrows and Wash were returned to the court unexecuted.  The unexecuted summons indicated that the U.S. Marshal was unable to locate Burrows and Wash using the information provided by Plaintiff.  The order to show cause re dismissal of Burrows and Wash was issued on October 6, 2009.

On October 26, 2009, Plaintiff filed a response to the order to show cause.  In his response, Plaintiff does not address the concerns noted in the order to show cause.  Plaintiff refers to Burrows and Wash, but only in the context of opposition to Defendant Chromes's motion to dismiss for failure to exhaust.   Plaintiff fails to address the issue noted in the order to show cause - his efforts to furnish the information necessary to further identify defendants Burrow and Wash.   These defendants should therefore be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, IT IS HEREBY RECOMMENDED that Defendants Burrows and Wash be dismissed pursuant to Federal Rule of Civil Procedure 4(m) .

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 10, 2010**                    /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE