# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KEEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. HEDGPETH, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:08-cv-00242-OWW-SKO PC<br><br>ORDER DENYING MOTIONS<br><br>(Docs. 80, 81, 82) |

　　Plaintiff Anthony Keel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are three motions for reconsideration from Plaintiff. (Docs. #80, 81, 82.)

　　Federal Rule of Civil Procedure 60 governs the reconsideration or relief from a final judgment, order or proceeding. Under Rule 60(b), the Court may relief a party from a final judgment, order, or proceeding on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . or (6) any other reason that justifies relief." Federal Rule of Civil Procedure 60(b)(1)-(6). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). When requesting reconsideration, Local Rule 230(j) requires a party to show "new or different facts or circumstances

///

claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff requests reconsideration of the order dismissing his claims and closing this action. This action was closed on August 9, 2010 when the Court granted Defendant Chromes' motion to dismiss for Plaintiff's failure to exhaust his administrative remedies prior to filing suit. Defendants Burrows and Wash were dismissed on February 18, 2010 because Plaintiff failed to effect service of process on them.

Plaintiff's motions for reconsideration fail to raise any proper grounds for reconsideration. Plaintiff's first motion, filed on August 23, 2010, contends that the Court is retaliating against his exercise of free speech. Plaintiff's motion is not entirely clear, but Plaintiff also appears to be alleging that the judges in this district are racist and that somehow "huge profits were made in cahoots with wall street" by the judges from this action. (SKO PC Order Adopting and Recommendations (Doc 77) Plaintiff Motion Object. This Ruleing[sic] Is'nt[sic] Moot. Or Dismiss. I request the Ruleing[sic] Be Overturn. And All Exhibits Be Return to Plaintiff. To Prove a Cover-up is a Conspiracy 2, ECF No. 80.) The arguments raised in Plaintiff's other two motions for reconsideration are also unclear and frivolous.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for reconsideration are DENIED. IT IS SO ORDERED.

Dated:   February 15, 2011             /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE